1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

9   JIMMY MITCHELL,

10          Petitioner,                    Case No. 3:09-CV-00453-LRH-(VPC)

11   vs.                                   **ORDER**

12   GREG SMITH, et al.,

13          Respondents.

14

15          Before the court are the amended petition for a writ of habeas corpus pursuant to 28 U.S.C.

16   § 2254 (#9) and respondents' motion to dismiss (#16).  The court finds that petitioner has not

17   exhausted all of his grounds for relief in the state courts, and the court grants the motion to dismiss

18   (#16) in part.

19          After a jury trial in the Eighth Judicial District Court of the State of Nevada, petitioner was

20   convicted of sale of a controlled substance and his third offense of possession of a controlled

21   substance with intent to sell.  Ex. 25 (#16-25).  Petitioner appealed, and the Nevada Supreme Court

22   affirmed.  Ex. 37 (#17-5).

23          Petitioner then filed a post-conviction petition for a writ of habeas corpus in the state district

24   court.  Ex. 41 (#17-9).  The district court denied the petition.  Ex. 45 (#17-13).  Petitioner appealed,

25   and the Nevada Supreme Court affirmed.  Ex. 59 (#17-27).

26          Petitioner then commenced this action.  The court dismissed ground 4 of the amended

27   petition (#9) before directing respondents to respond.  Order (#10).

28

1        Respondents argue that petitioner has not exhausted his available remedies in state court for

2  grounds 1, 3, and 4.  Before a federal court may consider a petition for a writ of habeas corpus, the

3  petitioner must exhaust the remedies available in state court.  28 U.S.C. § 2254(b).  To exhaust a

4  ground for relief, a petitioner must fairly present that ground to the state's highest court, describing

5  the operative facts and legal theory, and give that court the opportunity to address and resolve the

6  ground. See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459

7  U.S. 4, 6 (1982).

8        "[A] petitioner for habeas corpus relief under 28 U.S.C. § 2254 exhausts available state

9  remedies only if he characterized the claims he raised in state proceedings specifically as federal

10  claims.  In short, the petitioner must have either referenced specific provisions of the federal

11  constitution or statutes or cited to federal case law." Lyons v. Crawford, 232 F.3d 666, 670 (9th Cir.

12  2000) (emphasis in original), amended, 247 F.3d 904 (9th Cir. 2001).  Citation to state case law that

13  applies federal constitutional principles will also suffice.  Peterson v. Lampert, 319 F.3d 1153, 1158

14  (9th Cir. 2003) (en banc).  "The mere similarity between a claim of state and federal error is

15  insufficient to establish exhaustion.  Moreover, general appeals to broad constitutional principles,

16  such as due process, equal protection, and the right to a fair trial, are insufficient to establish

17  exhaustion." Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted).

18        In ground 1, Petitioner claims that counsel provided ineffective assistance because counsel

19  did not investigate supporting facts and did not communicate with petitioner.  In his state habeas

20  corpus petition, petitioner raised a claim that counsel did not investigate, did not let petitioner know

21  what was occurring, and suffered from a conflict of interest.  Ex. 41, p. 8 (#17-9, p. 9).  However,

22  Petitioner did not allege the specific facts that he alleges in this action.  Furthermore, Respondents

23  correctly argue that petitioner did not present in his opening brief to the Nevada Supreme Court the

24  facts that he presents in the amended petition (#9).  See Ex. 54 (#17-22).  Ground 1 is unexhausted.

25        Ground 3 has two claims.  In the first paragraph, Petitioner claims that the trial court gave

26  the wrong instruction regarding the presumption of innocence.  In the second paragraph, Petitioner

27  claims that the state did not prove every material element of the crime charged and that the jury

28  consisted of all white people except for one black person.  Respondents correctly argue that

1    petitioner did not present the claims in the second paragraph to the Nevada Supreme Court, either

2    on direct appeal or on the state habeas corpus appeal.  See Ex. 35 (#17-3), Ex. 54 (#17-22).  The

3    second paragraph of ground 3 is unexhausted.

4         Respondents argument that ground 4 is unexhausted is moot because the court has already

5    dismissed it.  Order (#10).

6         The amended petition (#9) is mixed, containing both claims exhausted in state court and

7    claims not exhausted in state court, and it is subject to dismissal.  See Rose v. Lundy, 455 U.S. 509,

8    521-22 (1982); Szeto v. Rushen, 709 F.2d 1340, 1341 (9th Cir. 1983).  Petitioner may voluntarily

9    dismiss the unexhausted grounds 1 and 3 and proceed with the remaining grounds, he may

10   voluntarily dismiss this action without prejudice while he returns to state court to exhaust grounds 1

11   and 3, or he may move to stay this action while he returns to state court to exhaust grounds 1 and 3.

12   If petitioner chooses the last option, he must show that he has "good cause for his failure to exhaust,

13   his unexhausted claims are potentially meritorious, and there is no indication that the petitioner

14   engaged in intentionally dilatory litigation tactics."  Rhines v. Weber, 544 U.S. 269, 278 (2005).

15        Respondents also argue that all grounds are conclusory.  The argument is moot with respect

16   to ground 4 because the court has already dismissed it.  The argument is moot with respect to

17   grounds 1 and 3 because they are unexhausted, and petitioner either will need to dismiss them or

18   will need to return to state court to litigate them.  Ground 2 is a claim that petitioner's right to a

19   speedy trial was violated.  In his direct appeal, petitioner presented enough information for the

20   Nevada Supreme Court to rule on the merits of this claim.  See Ex. 37, pp. 1-2 (#17-5, pp. 2-3).  If

21   petitioner elects to continue with this action, the issue for this court would be whether that decision

22   was contrary to, or an unreasonable application of, clearly established federal law as determined by

23   the Supreme Court of the United States.  See 28 U.S.C. § 2254(d)(1).  The court will not dismiss

24   ground 2.

25        Finally, respondents argue that the court should dismiss this action pursuant to LSR 2-2

26   because petitioner has been released from prison on parole but has not submitted a notice of his new

27   address.  Respondents have provided that address in their certificate of service of the motion to

28

-3-

1   dismiss (#16).  Dismissal of the action because petitioner did not submit a notice would be a

2   needless formality.

3         IT IS THEREFORE ORDERED that respondents' motion to dismiss (#16) is **GRANTED** in

4   part with respect to grounds 1 and 3.

5         IT IS FURTHER ORDERED that petitioner shall have thirty (30) days from the date of entry

6   of this order to do one of the following:  (1) inform this court in a sworn declaration that he wishes

7   to dismiss grounds 1 and 3 of his amended petition (#9), and proceed only on the remaining grounds

8   for relief, (2) inform this court in a sworn declaration that he wishes to dismiss his amended petition

9   (#9) to return to state court to exhaust his state remedies with respect to the claims set out in

10  grounds 1 and 3 of his amended petition (#9), or (3) move to stay this action while he returns to

11  state court to exhaust his state remedies with respect to the claims set out in grounds 1 and 3 of his

12  amended petition (#9).  Failure to comply will result in the dismissal of this action.

13        IT IS FURTHER ORDERED that if petitioner elects to dismiss the aforementioned grounds

14  of his amended petition (#9) and proceed on the remaining grounds, respondents shall file and serve

15  an answer or other response to the remaining grounds within forty-five (45) days after petitioner

16  serves his declaration dismissing those grounds.  If respondents file and serve an answer, it shall

17  comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.

18        IT IS FURTHER ORDERED that if respondents file and serve an answer, petitioner shall

19  have forty-five (45) days from the date on which the answer is served to file and serve a reply.

20        DATED this 8th day of April, 2010

                                  _____
                                  LARRY R. HICKS
                                  UNITED STATES DISTRICT JUDGE